UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARIA M. MARTINEZ, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 5:20-cv-00724 |
| IQ DATA INTERNATIONAL, INC. | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT**

NOW comes MARIA M. MARTINEZ ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of IQ DATA INTERNATIONAL, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the osu and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code. Ann. § 392 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and all of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

1

4. Plaintiff is a consumer over 18 years-of-age and resident of San Antonio, Texas.

5. Defendant is a third party debt collection service with its principal place of business located at 21222 30th Drive, Suite 120, Bothell, Washington 98028. Defendant regularly collects defaulted debts upon consumers located within the state of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the events giving rise to this action, Plaintiff discontinued making payments against a residential lease thereby incurring a debt of approximately $1000 ("subject debt").

8. At some point thereafter, Defendant acquired the rights to collect upon the subject debt.

9. On May 7, 2020, Plaintiff called Defendant and spoke with a female representative named Taylor.

10. In the above call, Plaintiff made a one-time payment of $100.00 towards the subject debt. Plaintiff informed Taylor that she anticipates making a $100 payment each week towards the subject debt. Specifically, Plaintiff informed Taylor that she would call Defendant the following week in order to arrange any additional payments.

11. The $100 payment was made on May 7, 2020 by way of an ACH debit.

12. On May 14, 2020, Plaintiff discovered that Defendant took out an additional payment of $100 from her account.

13. Plaintiff never authorized Defendant to take out a payment of $100 on May 14, 2020.

14. On May 14, 2020, in connection with the unauthorized payment, Plaintiff called Defendant. A male representative answered the phone. Plaintiff explained that she had never authorized a

$100 payment on May 14, 2020 and asked for the money to be refunded. Plaintiff also asked to speak to a manager. Defendant's representative was generally rude, put Plaintiff on hold, after which point she was transferred to the voicemail of a purported manager.

15. On May 15, 2020, at approximately 3:02 p.m., Plaintiff again contacted Defendant and a representative named Caesar picked up the telephone call. Plaintiff proceeded to identify herself and then Caesar abruptly disconnected the telephone call.

16. After being hung up on, on May 15, 2020, at approximately 3:05 p.m., Plaintiff contacted Defendant once again. This time she spoke with a representative named Sonny. Sonny verified that the subject debt was for an outstanding debt in connection with an apartment lease. Sonny then placed Plaintiff on hold.

17. Plaintiff was then transferred to Taylor. Plaintiff requested that Defendant refund the additional payment of $100 that was taken out of her bank account on May 14, 2020. Taylor questioned Plaintiff as to why she would want a refund, stating "you authorized us to take the funds."

18. Plaintiff corrected Taylor and advised that she only made a *one-time* payment of $100 when she called in on May 7, 2020; she did not authorize any additional payments. Taylor proceed to advise Plaintiff that "we have recorded phone call of you authorizing the two payments on the May 7th phone call."

19. Plaintiff then stated to Taylor that she did not authorize any additional payments to be deducted and requested proof of the authorization to be emailed to her. Taylor responded by stating that it was very hard to understand Plaintiff and that the call was breaking up while continuing to question Plaintiff as to why she was seeking this information now considering Plaintiff had agreed to make these payments.

20. Taylor then rudely stated that she can understand "the words coming out of your mouth," but that the phone call is "choppy." Suddenly, Taylor disconnected the telephone call.

21. On May 15, 2020, at approximately 3:11 pm, Plaintiff called Defendant again. Plaintiff requested to speak with Taylor, but Defendant hung up on Plaintiff yet again.

22. On May 15, 2020, at approximately 3:13 pm, Plaintiff called Defendant again, but this time, Defendant's phone did not ring. Plaintiff surmised that Defendant may have blocked her number.

23. Frustrated and worried by Defendant's actions, Plaintiff spoke with Sulaiman regarding her rights.

24. Defendant's actions have caused Plaintiff monetary damages. Defendant, in essence, stole money from Plaintiff's account.

25. Defendant's actions have caused Plaintiff stress and anxiety.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, monetary loss, aggravation, and emotional distress.

### COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes. Specifically, in this case, the subject debt was borne out of a residential apartment lease.

### a. Violations of FDCPA §1692d

32. The FDPCA, pursuant to 15 U.S. C. §1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

33. Defendant violated §1692d because unlawfully taking money from Plaintiff's account is both oppressive and abusive.

34. Defendant violated §1692d because the tactics it employed after being confronted on the phone by Plaintiff (i.e. Taylor's repeated nonsensical questioning of Plaintiff, Taylor's false accusations that Plaintiff had authorized Defendant to withdraw funds on May 14, 2020, Taylor's suspected lying about her ability to hear Plaintiff, repeatedly hanging up on Plaintiff, and all representatives' generally rude demeanor) are both oppressive and abusive.

### b. Violations of FDCPA §1692e and e(10)

35. The FDPCA, pursuant to 15 U.S. C. §1692e, prohibits a debt collector, in connection with the collection of any debt, from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. The FDPCA, pursuant to 15 U.S. C.§1692e(10), prohibits the use of any false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

37. Defendant violated §1692e and e(10) when it falsely informed Plaintiff that she authorized a second payment of $100 from Plaintiff's checking account. Defendant knew that Plaintiff did

not authorize a payment for May 14, 2020. Despite having actual knowledge that Plaintiff did not authorize this payment and Plaintiff requesting proof of the authorization, Defendant further refused to speak with Plaintiff.

38. Defendant violated §1692e and e(10) by employing deceptive means to obtain a payment from Plaintiff on the subject debt. Plaintiff authorized a one-time payment of $100 of May 7, 2020; however, Defendant unlawfully withdrew funds from Plaintiff's checking account on May 14, 2020. Despite Plaintiff's phone calls and pleas to return the payment from May 14, 2020, Defendant refused to acknowledge Plaintiff by repeatedly hanging up on her during telephone calls and blatantly ignoring her follow-up calls.

39. Defendant violated §1692e and e(10) when Defendant's representatives falsely questioned Plaintiff knowing that Defendant was not authorized to take a payment from Plaintiff on May 14, 2020 and employing shady tactics to further avoid confrontation with Plaintiff.

### c. Violations of FDCPA §1692f and f(1)

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. The FDCPA, pursuant to 15 U.S.C. §1692f(1) provides that conduct such as "the collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

42. Defendant violated §1692f of the FDCPA through its unfair and unconscionable treatment of Plaintiff in its attempts to collect upon the subject debt. Defendant illegally withdrew $100 on May 14, 2020 from Plaintiff's bank account. Defendant refused to provide Plaintiff with proof that she purportedly authorized this payment. Defendant repeatedly lied to Plaintiff. Defendant

repeatedly hung up the phone on Plaintiff. Upon information and belief, Defendant blocked Plaintiff's phone number.

43. Defendant violated §1692f(1) when it took money from Plaintiff's bank account when there was never any agreement or legal authorization to do so.

### c. Violations of FDCPA §1692g

44. The FDCPA, pursuant to 15 U.S.C. § 1692g requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ."

45. Defendant violated 15 U.S.C. § 1692g by failing to send written notice, as described above, within five days after its initial communication with Plaintiff. To date, Plaintiff has not received any written notification regarding the subject debt which outlines her rights, as required by §1692g. Plaintiff has not received any written information whatsoever from Defendant regarding the subject debt.

**WHEREFORE**, Plaintiff, MARIA M. MARTINEZ, respectfully prays this Honorable Court for the following relief:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned sections of the FDCPA;
b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);
c. Awarding Plaintiff actual damages, in an amount to be determined at trail, as provided under 15 U.S.C. §1692k(a)(1);

7

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

46. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

48. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

49. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes. Specifically, in this case, the subject debt was borne out of a residential apartment lease.

### a. Violations of TDCA § 392.304

50. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(a)(8), prohibits debt collectors from "misrepresenting the character, extent, or amount of a consumer debt . . . ." The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(a)(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

51. Defendant violated the above-referenced portions of the TDCA by falsely representing that Plaintiff had authorized the withdrawal of money from Plaintiff's bank account to cover up the illegal transaction of May 14, 2020.

52. Defendant violated the above-referenced portions of the TDCA when it deceptively withdrew funds from Plaintiff's bank account on May 14, 2020.

**WHEREFORE**, Plaintiff, MARIA M. MARTINEZ, respectfully prays this Honorable Court for the following relief:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann § 392.403(a)(1);
c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Awarding Plaintiff punitive damages, in an amount to be determined at trail, for the underlying violations;
e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);
f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands a trial by jury.**

Dated:  June 19, 2020                                             Respectfully Submitted,

/s/ Omar T. Sulaiman

Omar T. Sulaiman
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
Fax: (630) 575-8188
osulaiman@sulaimanlaw.com